1539 Park Pl., LLC v Clarke (2021 NY Slip Op 50953(U))

[*1]

1539 Park Pl., LLC v Clarke

2021 NY Slip Op 50953(U) [73 Misc 3d 130(A)]

Decided on October 1, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 1, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1493 K C

1539 Park Pl., LLC, Respondent,
against
Andrew Clarke, Tenant, and Shanika Clarke, Sued Herein as Shankia
Clarke, Appellant. 

Shanika Clarke, appellant pro se.
Sperber, Denenberg & Kahan, P.C. (Seth Denenberg of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Bruce E.
Scheckowitz, J.), dated September 3, 2019. The order, insofar as appealed from, granted tenant
Shankia Clarke's motion to, in effect, stay the execution of the warrant of eviction to the extent of
staying the execution of the warrant only until September 27, 2019 to permit payment of all
outstanding arrears in a nonpayment summary proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs. 
Landlord commenced this nonpayment proceeding in March 2019. A final judgment of
possession was awarded to landlord in May 2019 upon both named tenants' failure to appear or
answer. In June and July 2019, Shankia Clarke (tenant) moved, by orders to show cause to, in
effect, stay execution of the warrant of eviction. Tenant's first motion was resolved by a
so-ordered stipulation dated June 20, 2019, which provided for a schedule of payments and that
"upon default in any payment due. . . . The entire amount outstanding shall immediately become
due. The warrant of eviction shall execute." By order dated July 25, 2019, tenant's second motion
was granted to the extent of giving her additional time to pay her arrears. 
In August 2019, tenant, once again, sought to move by order to show cause to, in effect, stay
execution of the warrant of eviction on the ground that she needed additional time to pay. The
Civil Court declined to sign the order to show cause. Tenant then made a CPLR 5704 [*2]application to the Appellate Term, which application was granted
on August 26, 2019. Tenant appeals from so much of an order of the Civil Court dated
September 3, 2019 as granted her motion to the extent of staying the warrant of eviction only
through September 27, 2019 and provided her with a new payment schedule. Upon a review of
the record, we find that the Civil Court did not improvidently exercise its discretion.
Accordingly, the order, insofar as appealed from, is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 1, 2021